**UNITED STATES of America,
Plaintiff,**

v.

**Florence Alice PAQUET, Defendant.
Cr. No. 10940.**

United States District Court
D. Hawaii.
May 23, 1955.

Louis B. Blissard, U. S. Atty., Dist. of Hawaii, Honolulu, Hawaii by Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, for plaintiff.

No appearance, for defendant.

McLAUGHLIN, Chief Judge.

The defendant pleaded guilty on March 30, 1955, to falsely claiming United States citizenship when making an entry into the United States at Honolulu, Hawaii, in violation of 66 Stat. 229 (1952), 8 U.S.C.A. § 1325.[1] She is an alien admitted from Canada to the United States in 1946 for permanent residence.

In 1954 the defendant desired to go to Guam from Hawaii. In order to do so, she had to comply with a Navy regulation of doubtful validity, which requires a passport for anyone entering Guam. The defendant obtained a passport by impersonating with documents a cousin who is a United States citizen. She then went to Guam.

To avoid prosecution for acts committed on Guam, the defendant jumped bail, boarded a commercial airplane, and flew to Honolulu via Wake Island. At Honolulu she asserted to the Immigration officials that she was a United States citizen, as evidenced by her passport. For obtaining the passport by false representation she is under indictment for violations of 62 Stat. 742 (1948), 18 U.S.C. § 911, and 62 Stat. 771 (1948), 18 U.S.C. § 1542 (United States v. Paquet, Criminal No. 10,950).

The case was called for sentence on May 19, 1955. Three days before, the

---

1. "Any alien who * * * (3) obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offenses, be guilty of a misdemeanor and upon conviction thereof be punished by imprisonment for not more than six months, or by a fine of not more than $500, or by both, and for a subsequent commission of any such offenses shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not more than two years, or by a fine of not more than $1,000, or both."

Ninth Circuit Court of Appeals' opinion in United States ex rel. Alcantra v. Boyd, 222 F.2d 445, became available. Citing it for the proposition that travel between Guam and Hawaii cannot give rise to an "entry" into the United States, the Court questioned whether or not the plea of guilt should be set aside.

The Government took the position that the confession and conviction should stand. An attempt was made to distinguish United States ex rel. Alcantra v. Boyd, supra, upon the ground that the landing on Wake Island was a stopover at a foreign port or at an outlying possession of the United States. It is therefore contended that the coming to Hawaii was an "entry" within the meaning of 66 Stat. 229 (1952), 8 U.S.C.A. § 1325. The Court felt otherwise, set the plea of guilty aside, discharged the defendant, and dismissed the case.

■■■ While the defendant's claim to United States citizenship was admittedly false, it was not made in connection with an "entry" into the United States as defined by 66 Stat. 166 (1952), 8 U.S.C.A. § 1101(a) (13).[2] The defendant was not coming from a "foreign port or place or from an outlying possession * * *." By definition set forth in 66 Stat. 166 (1952), 8 U.S.C.A. § 1101(a) (29),[3] Wake Island is not an outlying possession of the United States. Nor is it a port or place in a foreign state as defined in 66 Stat. 166 (1952), 8 U.S.C.A. § 1101(a) (14).[4] Indeed, Wake is so far from being "foreign" that it is within the jurisdiction of this Court. 62 Stat. 877 (1948), as amended 63 Stat. 99 (1949), 28 U.S.C.A. § 91.[5]

As indicated by the language of the statute, as well as emphasized by the judicial decisions of appellate courts, the word "entry" is a word of art having the special meaning here accorded to it. United States ex rel. Alcantra v. Boyd, supra; Gonzales v. Barber, 9 Cir., 1953, 207 F.2d 398, affirmed 1954, 347 U.S. 637, 74 S.Ct. 822, 98 L.Ed. 1009.

---

2. "The term 'entry' means any coming of an alien into the United States, from a foreign port or place or from an outlying possession, * * *."

3. "The term 'outlying possessions of the United States' means American Samoa and Swains Island."

4. "The term 'foreign state' includes outlying possessions of a foreign state, but self-governing dominions or territories under mandate or trusteeship shall be regarded as separate foreign states."

5. "Hawaii constitutes one judicial district which includes * * * Wake Island * * *."